**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROLON LAMARR MORRIS, II, | No. 10-15803 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-00354-GEB-JFM |
| v. | |
| THOMAS CAREY, Warden and ATTORNEY GENERAL FOR STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted June 17, 2011[**]
San Francisco, California

Before: BYBEE and MURGUIA, Circuit Judges, and SINGLETON, Senior
District Judge.[***]

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable James K. Singleton, Senior District Judge for the U.S.
District Court for Alaska, Anchorage, sitting by designation.

Petitioner Rolon Morris appeals the district court's denial of his petition for writ of habeas corpus. Because the facts are familiar to the parties, we will not recite them here. Upon consideration of the law, arguments, and record, we affirm.

Because the California Court of Appeal used the wrong legal standard to review Petitioner's *Batson* claim, *see Johnson v. California*, 545 U.S. 162, 173 (2005), the district court properly reviewed the *Batson* claim de novo, *see Paulino v. Castro*, 371 F.3d 1083, 1090 (9th Cir. 2004). Accordingly, we review Petitioner's *Batson* claim outside the AEDPA context. *Id.*

We find the district court properly found a prima facie case of discrimination. Here, where the prosecutor struck the final African-American on the jury despite the trial judge's statement that he saw no reason for her to be struck, it is reasonable for the court to infer discrimination at *Batson* step one. *See Johnson v. California*, 545 U.S. 162, 170 (2005).

We also find that the prosecutor's stated reasons for striking the prospective alternate juror were race neutral. The prosecutor explained that she used a peremptory strike against Juror M. for two reasons: (1) she believed that "this juror would hold [her] as a prosecutor to a higher standard of proof than proof beyond a reasonable doubt"; and (2) she believed Juror M.'s body language "made [her] feel that there was a hostility there." Because neither of these reasons is "based on . . .

2

the race of the juror" and because "discriminatory intent is [not] inherent in the prosecutor's explanation," we find the prosecutor's reasons are "race neutral." *Hernandez v. New York*, 500 U.S. 352, 360 (1991).

Finally, the district court did not err in finding no purposeful racial discrimination. The district court's step three determination is a factual finding, and this court reviews it for clear error. *See United States v. Steele*, 298 F.3d 906, 910 (9th Cir. 2002). The record reveals that none of the other jurors were sufficiently similar to the prospective alternate juror to provide comparisons that "reveal[] racial reasons for the prosecutor's dismissal" of the prospective alternate juror in question. *Turner v. Marshall*, 121 F.3d 1248, 1255 (9th Cir. 1997). And nothing in the record gives rise to "a definite and firm conviction that a mistake has been committed." *United States v. Esparza-Gonzalez*, 422 F.3d 897, 901 (9th Cir. 2005) (citation omitted). Therefore, the district court properly rejected Petitioner's *Batson* claim.

The district court also properly rejected Petitioner's suggestive identification claim. Under clearly established Supreme Court law, identification procedures that are "unnecessarily suggestive and conducive to irreparable mistaken identification" are prohibited by the Due Process Clause of the U.S. Constitution. *Stovall v.*

*Denno*, 388 U.S. 293, 302 (1967), *overruled on other grounds by Griffith v. Kentucky*, 479 U.S. 314 (1987).

The California Court of Appeal's decision does not violate clearly established federal law. Neither the one-on-one identification, nor the police's request that a beanie and bandana be put on Petitioner were especially likely to yield "irreparable mistaken identification." *Stovall v. Denno*, 388 U.S. at 302. Here, where the witnesses spent time with Petitioner during this crime in very close quarters, had ample time to observe the uncovered portions of petitioner's face and his clothing, and was held just one hour after the crime, the field showup does not violate due process. *See Manson v. Braithwaite*, 432 U.S. 98, 106 (1977) ("The admission of testimony concerning a suggestive and unnecessary identification procedure does not violate due process so long as the identification possesses sufficient aspects of reliability.").

None of the Supreme Court cases Petitioner cites holds otherwise. *See Foster v. California*, 394 U.S. 440, 441–43 (1969) (finding unconstitutional an identification involving two lineups weeks apart, the only common member of which was the accused, and a one-on-one interview with witness and the accused, with prosecution but without defense counsel present); *United States v. Wade*, 388 U.S. 218, 239–41 (1967) (finding unconstitutional an identification that occurred

4

without defendant's counsel present); *Stovall*, 388 U.S. at 302 (finding constitutional an identification where the suspect was handcuffed to a police officer, escorted by four other police officers, and was brought to the hospital bed of his victim who was asked whether the suspect "was the man").

AFFIRMED.